**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EUGENE SEABROOKS, | : | |
| | : | Civil Action No. 08-4713 (JAG) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| IRVIN BRADLEY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro se</u>
Eugene Seabrooks
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861

**GREENAWAY, JR.,** District Judge

Plaintiff Eugene Seabrooks, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff has paid the filing fee. As discussed fully below, Plaintiff will be required to show cause why the complaint should not be dismissed as being time-barred.

At this time, this Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A.

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that Defendant Irvin Bradley, a detective with the Newark Police Department, was a "core participant" in the 1994 issuance of an arrest warrant for Plaintiff, on charges of murder and related offenses.  Plaintiff alleges that there was no probable cause for the arrest warrant.  Those charges were dismissed because a material prosecution witness, Sean Taylor, did not appear and could not be located.

Plaintiff alleges that on January 3, 1997, members of the Wilmington, North Carolina, Police Department received information that Plaintiff was wanted for allegedly organizing the murder of Sean Taylor, via telephone, from North Carolina. Plaintiff alleges that on January 3, 1997, members of the Wilmington Police Department entered his business, without a warrant and without any reasonable grounds to believe that Plaintiff was at that location.  Plaintiff was arrested by members of the Wilmington Police Department on January 3, 1997.

Plaintiff alleges that on January 5, 1997, Defendant Officer B. McSheehy and/or Defendant Officer Daryl B. Gronau, of the Wilmington Police Department, obtained a search warrant for a private residence and that on January 6, 1997, the residence of

Jeanette Goodman was searched.  Plaintiff does not state whether he was an owner or resident of the searched property.  He alleges that there was not probable cause to search that property.  In addition, Plaintiff alleges that, on January 6, 1997, Defendant Officer B.T. Warrelman requested and executed a search warrant for Plaintiff's business.  Plaintiff, as he had earlier, asserts that there was no probable cause to search his business.

Plaintiff was convicted of both the 1994 murder of Anthony Lewis and the 1997 murder of Sean Taylor.[1]  He alleges that the lawfulness of the arrest warrant was litigated in 2002 in connection with his criminal trial.  He is presently confined, pursuant to those convictions.

Plaintiff seeks compensatory and punitive damages for the allegedly unlawful arrest and searches in 1997.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are

---

[1] Plaintiff includes in his Complaint various allegations that, in October 1997, Essex County prosecutors disregarded certain information that Plaintiff contends was exculpatory and proceeded with a prosecution based upon a theory they allegedly knew to be false.  See also State v. Seabrooks, 2007 WL 3033947 (N.J. Super. App. Div. Oct. 19, 2007) (describing these claims more fully and affirming Plaintiff's conviction).  Because Plaintiff does not name any such Essex County prosecutors as defendants, here, and because the named defendants are not alleged to be involved in the challenged acts of the Essex County prosecutors, there is no reason to recite those allegations here more fully.

frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a

>    legal conclusion couched as a factual allegation").
>    Factual allegations must be enough to raise a right to
>    relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances. ... If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
>     (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added). <u>See</u>, <u>e.g.</u>, <u>Pruden v. SCI Camp Hill</u>, 252 Fed.Appx. 436 (3d Cir. 2007); <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007).

### III.  <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

6

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

Plaintiff's claims are time-barred.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Jones v. Bock, 549 U.S. 199, 215 (2007) (if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). See also Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably

meritless legal theory"); Hunterson v. DiSabato, No. 06-4409, 2007 WL 1771315, at *1 (3d Cir. 2007) ("district court may sua sponte dismiss a claim as time barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run").

The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007) (emphasis in original).

A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action." Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982). See also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). "Plaintiff'S actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the

8

injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. STAT. ANN. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).

Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. Wilson v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J. STAT. ANN. § 2A:14-21 (detailing tolling because of minority or insanity). New Jersey law permits "equitable tolling" where "the complainant has been induced or

tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, according to the allegations of his Complaint, Plaintiff's false arrest claims accrued as soon as he was arrested, and the limitations period began to run as soon as he was held pursuant to legal process. See Wallace v. Kato, 549

U.S. 384, 396 (2007). While the specific date when Plaintiff was held pursuant to legal process is not revealed in the Complaint, it certainly was no later than his trial in 2002.[2] The claim for unlawful search under the Fourth Amendment accrued, and the limitations period began to run, on the dates of the searches, in January 1997, more than eleven years before the date of the Complaint, September 16, 2008.

Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law. Thus, this Court will order Plaintiff to show cause why the Complaint should not be dismissed, as time-barred.

### V.   CONCLUSION

For the reasons set forth above, Plaintiff will be ordered to show cause why the Complaint should not be dismissed, as time-barred, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. An appropriate order follows.

                                     S/Joseph A. Greenaway, Jr.
                                     JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  March 30, 2009

---

[2] In addition to Plaintiff's statement in the Complaint that he was tried in 2002, the New Jersey Department of Corrections Inmate Locator reflects that Plaintiff was sentenced on July 26, 2002, for two counts of murder and related offenses.

11